PETER GUNNE, PROSECUTOR, v. THE CITY OF NEWARK, DEFENDANT.

Argued January 22, 1936—Decided April 23, 1936.

Before Justices CASE and BODINE.

For the prosecutor, *Harrison & Roche* (*J. Henry Harrison*).

For the defendant, *Frank A. Boettner* and *Vincent J. Casale*.

The opinion of the court was delivered by

CASE, J.  Prosecutor questions the finding by the Essex Circuit Court that the city of Newark may be heard, under section 3, chapter 72, *Pamph. L.* 1925, to object to an assessment allowed him, a property owner, by the board of commissioners of assessments for incidental damages growing out of a local improvement.  The argument is that the commissioners are the agents of the city and that the principal may not be heard to object to that which it, through its agent, has done.

It is first said that the board of commissioners are officers of the municipality and that therefore the action taken by them was the action of the municipality, and *Allen et al.* v. *City of Plainfield et al.*, 9 *N. J. Mis. R.* 246; *Hoboken Land and Improvement Co.* v. *Hoboken*, 36 *N. J. L.* 291, and *Fredericks* v. *Board of Health*, 82 *Id.* 200, are cited in support. In the *Allen* case the statutory provision under review was section 27, article XX of the Home Rule act, as amended by section 2 of chapter 71, *Pamph. L.* 1925, whereby it was provided that upon the making of the assessments the officer or board charged with the duty of making the same should certify his or their assessments to the governing body by a report in writing, that the report might be considered by the governing body and that that body, after considering the same, might adopt and confirm it with or without alterations as to them might seem proper. Indeed, the provision that the report of assessments should be submitted to the governing body seems to have been widely applied. See Home Rule act, chapter 152, *Pamph. L.* 1917, *art.* XX, § 23, as amended by chapter 195, *Pamph. L.* 1921, and section 1 of chapter 71, *Pamph. L.* 1925. So, too, in the *Hoboken Land and Improvement Co.* case the report of the commissioners of assessments was, by the appropriate charter provision, required to be made to the common council of the city. The *Fredericks* case considered whether the authority conferred upon local boards of health by a certain legislative enactment was a grant of municipal control or only a grant of the right of administration and is not helpful in the solution of the present problem.

It is assumed in the briefs, and we shall assume, that the members of the board of commissioners of assessments for all local improvements of the city of Newark are appointed by the governing board of the city, though the effective statute in that respect is not indicated to us. However, it is quite clear that, although the members of the board are so appointed and are compensated from the city treasury, the making of the assessments by the board involves the exercise of judicial functions (*Peckham* v. *Newark*, 43 *N. J. L.* 576; *Dodd* v.

*Francisco,* 68 *Id.* 490, 492), and that under chapter 72, *Pamph. L.* 1925, *supra,* the governing body of a first class city has no part in the fixing of the assessments and no control over the assessments either before or after they are made. It is not consonant with fact or with reason to say that the city has no legitimate interest in the fixing of a money allowance which it will be called upon to pay, either in whole or in part, as incidental to a public improvement. The 1925 statute directs that notice shall be given of the time and place of the hearing by the Circuit Court of objections to an assessment made by the board and further directs that when the report of the assessors in its approved form is confirmed by the court it shall be "final and conclusive as well upon the said city of the first class as upon the owners of any land and real estate affected thereby." Cities of the first class are in quite different position from municipalities within the purview of sections 23 and 27, article XX of the Municipalities act, as amended by chapter 71, *Pamph. L.* 1925, wherein the governing bodies have the power to receive, consider and alter the report of the assessing board. We think that the facts of appointment of the board by the governing body and the payment of the compensation of the members of the board from the city treasury do not, of themselves, exclude the city, acting through its governing body, from protesting, before the Circuit Court, the amount of assessments which it had no part in fixing and which it has no other method of disputing. Courts are part of the state machinery of government and the judges generally are appointed by the governor by and with the consent of the senate and are paid from the state treasury, but these facts do not prevent the several state agencies from coming to the courts for the redress of an alleged wrong or from appealing to a higher tribunal from the conclusions of a lower. Prosecutor has not, in our opinion, sustained his point.

It is next said that there is no legal authority for the appearance of the city of Newark as objector to the confirmation of an award certified by "its own" board of commissioners for local improvements. *Montclair* v. *Brewster,* 88 *N. J. L.*

432, is cited thereon. For the reasons stated above we do not acquiesce in the suggestion implicit in the phraseology of that point that the board of commissioners of assessments is acting as an administrative agency of the city in the determination of what the city is willing to pay a property owner for his property. As we have already observed, the making of an assessment by the board involves the exercise of judicial functions and the city has no control or power of revision over the board in the latter's exercise of those functions. In the procedure under chapter 72, *supra,* there is nothing suggestive of the relationship of agent and principal between the board of commissioners of assessments and the city government. We italicize certain words in the *Brewster* opinion— "The duty of the board of assessors to assess the cost of municipal improvements upon property benefited thereby *and the power of council to compel the board to revise its assessment* are, both, established by the seventy-first section of the statute under which the town is organized"—to indicate that that decision is not a precedent for the disposition of the pending issue. The direct interest of the city in the fact and in the amount of a finding, by a judicial act, of an assessment for damages, the absence of power in the council to compel a revision of the assessment and the binding force, under the statute, of the assessment report, when confirmed by the Circuit Court, lead us to conclude that the city, under the circumstances, was properly heard as an objector.

We find no record of the taking of testimony to which prosecutor's third point may apply.

The writ of *certiorari* will be dismissed, with costs.